UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KYLE MOSLEY,

        Plaintiff,               Case No. 1:18-cv-453

v.                                        Honorable Gordon J. Quist

UNKNOWN KUTZLI et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Smalligan, Sheppard, Chamberlain, Decker, Sanchez, Nestle, Borgman, and Mendham. The Court will serve the complaint against Defendants Kutzli and Lake.

**Discussion**

I.       **Factual allegations**

Plaintiff is presently incarcerated at the Newaygo County Jail. The events of which Plaintiff complains occurred at that facility. Plaintiff sues Newaygo County Deputies Unknown Kutzli, Brian Lake, Unknown Smalligan, Unknown Decker, Unknown Chamberlain, and Unknown Sheppard; Corporal Unknown Nestle; Sergeant Gabe Sanchez; Lieutenant John Borgman; and Sheriff Unknown Mendham. Plaintiff alleges that on December 14, 2017, he and another inmate were involved in a fight. There was some difficulty opening the cell door; accordingly, the responding officers were hampered in their ability to stop the fight. Defendant Sanchez directed the inmates to cease fighting or Sanchez would use a taser to stop the fight.

Plaintiff alleges that he and the other inmate stopped fighting after Defendant Sanchez threatened to use the taser. Plaintiff contends he did not thereafter resist; nonetheless, Defendant Kutzli grabbed him and threw Plaintiff from the cell area into the hallway.

Once in the hallway, Plaintiff states that several deputies handled him. He contends specifically that Defendant Kutzli slammed Plaintiff's face into the floor and then put his knees on Plaintiff's face causing him significant pain. Plaintiff further contends that Defendant Lake put his knee, and the entire weight of his body, into the back of Plaintiff's knee causing him significant pain. After about two minutes, the deputies hauled Plaintiff to his feet, placed him in a restraint chair, and placed him in a holding cell. Plaintiff remained in the restraint chair for an hour. During that time, he was seen by a nurse.

After the incident Plaintiff attempted to discuss the matter with Defendant Borgman. Borgman refused. Plaintiff asked Defendant Nestle for a grievance. Nestle refused. Despite repeated requests, Plaintiff was not provided an inmate grievance form until almost four

months after the incident. Plaintiff's grievance, attached to his complaint, was denied by Defendant Sanchez based on his review of the video of the incident.

Although Defendants Smalligan, Sheppard, Chamberlain and Decker participated in holding Plaintiff down, Plaintiff does not allege any use of excessive force by those Defendants. Rather, he complains that they did not stop Kutzli and Lake. Plaintiff makes similar allegations against Defendants Sanchez, Nestle, Borgman, and Mendham—that they failed to stop Kutzli and Lake from using excessive force.

Plaintiff also alleges that Defendants interfered with his right to pursue an administrative grievance. Plaintiff finally complains that Defendant Borgman refused to go forward with an administrative grievance in retaliation for Plaintiff's prior assault of a prison employee.

Plaintiff seeks hundreds of thousands of dollars in compensatory damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment – use of excessive force

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII.  But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).  On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs*, 315 F.3d at 556 (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)).  Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain."

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Plaintiff's allegations against Defendants Kutzli and Lake suffice to allege the sort of malicious and sadistic uses of force prohibited by the Eighth Amendment. Moreover, Plaintiff sufficiently alleges serious pain resulting from the use of excessive force. Accordingly, the Court will order service of that claim against Defendants Kutzli and Lake. Plaintiff's claims against the other Defendants, however, fall short.

With respect to Defendants Smalligan, Sheppard, Chamberlain, and Decker, Plaintiff does not allege a malicious use of force. Instead he alleges only that those Defendants held him down for two minutes. Moreover, Plaintiff does not allege a serious injury from the actions of these Defendants to meet the objective component of an Eighth Amendment excessive force claim. Plaintiff's allegations against Defendants Sanchez, Nestle, Borgman, and Mendham do not allege a use of force, excessive or otherwise, against Plaintiff, much less an injury.

Perhaps in recognition of the shortcoming in his allegations against these Defendants, Plaintiff alleges that they are liable because they failed to stop Kutzli and Lake. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff must establish that the Defendants other than Kutzli and Lake were personally involved, or that they otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There must be more than merely a right to control employees, as plaintiff must show they at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff fails to allege any facts that show that these Defendants encouraged or condoned the conduct of Defendant Kutzli or Lake, or that these Defendants authorized, approved or knowingly acquiesced in the conduct. Because Plaintiff's Eight Amendment claim against Defendants Smalligan, Sheppard, Chamberlain, Decker, Sanchez, Nestle, Borgman, and

Mendham is premised on nothing more than respondeat superior or some other form of vicarious liability, his action fails to state such a claim against them. *Copeland*, 57 F.3d at 481.

## IV. Right to File an Administrative Grievance

Plaintiff complains that Defendants interfered with his filing of an administrative grievance. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct could not deprive him of due process.

Moreover, Defendants' actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415-16 (6th Cir. 2014) (citing *North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Critically, Plaintiff

7

acknowledges that he filed a grievance regarding the incident and that his grievance prompted a response.

Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim regarding his filing of an administrative grievance.

## V.     Retaliation

Plaintiff alleges that Defendants used excessive force against him in a retaliatory fashion. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected

right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations fall short at the first step. Plaintiff alleges that Defendants retaliated against him for Plaintiff's prior assault of a prison employee. "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Thaddeus-X*, 175 F.3d at 395. Assault of a prison employee is obviously not constitutionally protected conduct.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Smalligan, Sheppard, Chamberlain, Decker, Sanchez, Nestle, Borgman, and Mendham will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Kutzli and Lake.

An Order consistent with this Opinion will be entered.


Dated: May 31, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE