UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE MOSLEY,

                Plaintiff,                                Hon. Gordon J. Quist

v.                                             Case No. 1:18 CV 453

UNKNOWN KUTZLI, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

For the reasons articulated herein, the undersigned judicial officer recommends that this action be dismissed, pursuant to 28 U.S.C. § 636(b)(1)(B), for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Plaintiff initiated this action on April 23, 2018, alleging that Defendants used excessive force in the course of stopping a fight between Plaintiff and another inmate. On November 21, 2018, following a 120-day discovery period, Defendants moved for summary judgment. Plaintiff failed to respond to Defendants' motion. On January 10, 2019, the Court ordered Plaintiff "to show cause why Defendants' motion should not be granted." Plaintiff was expressly warned that if he failed to comply, "the Court will recommend dismissal of Plaintiff's action for failure to prosecute and failure to comply with the Court's Orders." Plaintiff failed to respond to the Court's Order. In fact, the

Court's Order was returned to the Court as undeliverable because Plaintiff has not kept the Court appraised of his current address.    *See* W.D. MICH. LCIVR 41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution").

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).    This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.    Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.    *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.    *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice.    Plaintiff's failure to provide the Court with a current address as well as his failure to comply with the Court's orders is willful and

manifests bad faith.    Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims.    Plaintiff was expressly warned that failure to comply with the Court's orders would result in dismissal of his claims.    Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## Recommended Disposition

For the reasons articulated herein, the undersigned judicial officer recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.


Dated:      February 26, 2019              /s/   Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.    28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).    All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).    Failure to file timely and specific objections may constitute a waiver of any further right of appeal.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).    General objections do not suffice.    *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).